**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Miguel A. Lopez
212.471.4482 direct
212.583.9600 main
MALopez@littler.com

September 29, 2026

**MEMO ENDORSED**

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: *Novellia, Inc. v. Lawrence Masse*, Case No. 26-CV-08207-KPF

Dear Judge Failla:

We write on behalf of Plaintiff Novellia, Inc. ("Plaintiff" or "Novellia") in connection with Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Pursuant to Rule 9(B) of your Honor's Individual Rules of Practice in Civil Cases, Plaintiff respectfully requests that the Court permit the unredacted version of Plaintiff's Memorandum of Law and the Declaration of Kunal Shah in Support of the Motion for Temporary Restraining Order and Preliminary Injunction (the "Shah PI Declaration") to remain under seal because it contains confidential and commercially sensitive information related to Novellia's business.

Although judicial documents are subject to a presumption of public access, that presumption is not absolute. Where, as here, a party seeks to redact materials filed in connection with a request for injunctive relief, the Court must determine the weight of the presumption of access and balance it against any countervailing interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1049-51 (2d Cir. 1995). When conducting that analysis, courts must consider both the role the materials play in the exercise of Article III judicial power and the extent to which public access would advance understanding of the judicial process. *Amodeo*, 71 F.3d at 1049. In doing so, the Second Circuit has expressly recognized that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *Id.* at 1051. Consistent with that principle, and upon a showing of good cause, courts may protect confidential commercial information from disclosure. *See* Fed. R. Civ. P. 26(c)(1)(G).

Here, the requested redactions readily overcome any presumption of public access. Novellia seeks to redact only: (i) customer and prospective-customer identities; (ii) customer-contact identities; and (iii) non-public revenue and projected-revenue figures associated with

active business opportunities. As alleged in the Verified Complaint, Novellia invests substantial time, effort, and resources cultivating customer relationships, developing business opportunities, and maintaining confidential information concerning customer contacts, pricing, sales strategy, and ongoing opportunities. (Compl. ¶ 11). Public disclosure of the information at issue would cause Novellia competitive harm by providing competitors with insight into Novellia's sales pipeline, customer network, active opportunities, and internal business operations, which could be used or exploited to target those relationships and opportunities for competitive advantage. (Shah Decl. ¶¶ 6-8). This would undermine the very relief Novellia seeks in this action. Public disclosure would also risk the confidentiality interests of the third parties that have engaged with Novellia in confidence and subject to non-disclosure agreements. (*Id.*at ¶ 8).

By contrast, disclosure of the specific customer names, customer-contact identities, opportunity values, and non-public pipeline details would add little to the public's understanding of Novellia's claims or its request for injunctive relief. The proposed redactions do not obscure the nature of the dispute, the factual allegations at issue, the evidence presented, or the relief sought. (*See id.* ¶¶ 9-10). The public will remain able to understand the substance of the proceedings and the basis for any ruling issued by the Court. On balance, the public's interest in access is adequately served by the proposed redacted filing, while Novellia's interest in preventing the disclosure of commercially sensitive information warrants protection. The requested redactions should be approved accordingly.

In addition, the redacted material constitutes Novellia's "Proprietary Information," as that term is used in Section 3(a) of the Employee Proprietary Information and Inventions Agreement that is the subject of this action. *See* ECF No. 1, Ex. A.

Accordingly, to mitigate any potential harm caused by their public disclosure, Plaintiff respectfully requests that the Court grant this letter motion and permit the unredacted Memorandum of Law and Shah PI Declaration to remain under seal. We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ *Miguel A. Lopez*

Miguel A. Lopez

cc: All Counsel of Record via ECF

Plaintiff's request to maintain under seal docket entries 7-8 is GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 10.

Dated: October 13, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE