Littler

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Miguel A. Lopez
212.471.4482 direct
212.583.9600 main
MALopez@littler.com

October 16, 2026

MEMO ENDORSED

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: *Novellia, Inc. v. Lawrence Masse*, Case No. 26-CV-08207-KPF

Dear Judge Failla:

Pursuant to Local Rule 37.2 and Rule 2(b) of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiff Novellia, Inc. ("Novellia") respectfully submits this opposition to the sealing motion request e-mailed by Defendant Lawrence Masse ("Defendant") on October 13, 2026, and filed on the docket on October 14, 2026. *See* Doc. No. 18. Defendant's motion request raises his concern with the "public filings" and "public availability of Plaintiff's allegations" that "could cost [him his] newly secured employment . . ." Undersigned counsel met and conferred with Defendant on October 9, 2026, regarding his alleged need for confidentiality-related protections.

The Verified Complaint and public filings are subject to the First Amendment right of access to judicial documents. When a First Amendment right of access attaches to a document, "there exists a qualified, presumptive First Amendment right of public access to the proceeding or document." *Courthouse News Service v. Corsones*, 131 F. 4th 59, 67 (2d Cir. 2025). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

In *Lugosch*, the Second Circuit explained and provided examples of "countervailing factors" sufficient to overcome the presumption of public access in First Amendment right of access matters. To that end, the Circuit Court highlighted justifications such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure," but ultimately held that broad, generalized assertions are insufficient. Sealing is only permitted upon "specific, on-the-record findings", which demonstrate that sealing is "essential to preserve higher values" and "narrowly tailored to serve that interest."

Here, Defendant's request does not satisfy that standard. Although Plaintiff recognizes that Defendant is *pro se*, his letter asks for "temporary sealing or other appropriate protection concerning the public filings in this case" because he is concerned that his "new employer may discovery the allegations in Plaintiff's publicly available filings and make an employment decision before [he has] an opportunity to challenge those allegations in court." Defendant also states that he recently secured new employment, regained health insurance for his family, and fears that losing the job would jeopardize his family's housing, finances, and medical coverage. While Plaintiff does not minimize those concerns, they are not the type of "countervailing factor" recognized by courts in the Second Circuit as overcoming the strong presumption of public access to core judicial filings.

Even if Plaintiff were to consent to the blanket sealing requested by Defendant, "[t]he fact that the materials are the subject of a confidentiality agreement among the parties is not, without more, 'a valid basis to overcome the presumption.'" *Alix v. McKinsey & Co., Inc.*, 2024 WL 1018450 at *2 (S.D.N.Y., 2024). Moreover, Defendant's request is not narrowly tailored. His October 13, 2026 letter filing seeks "temporary sealing or redaction" of the "relevant filings" and asks the Court for guidance on whether "interim relief" may be granted while such request is pending. Defendant has not identified any particular paragraph, substance, confidential material, or category of information that allegedly warrants sealing. Defendant also fails to support his request with "specific on-the-record" findings or any evidentiary submission beyond his own unsworn assertions. Defendant has therefore failed to satisfy *Lugosch* and set forth a compelling justification that overcomes the strong presumption of public access to judicial filings. Plaintiff requests that this Court deny his sealing motion request accordingly.

We thank the Court for its time and attention to these matters.

Respectfully submitted,

*/s/ Miguel A. Lopez*

Miguel A. Lopez

cc: Defendant and all Counsel of Record via ECF

The Court is in receipt of Defendant's letter-motion to seal (Dkt. #18), as well as Plaintiff's response (Dkt. #22). The Court understands Defendant to be making a blanket request to seal all filings in this matter. For the reasons stated in Plaintiff's response, the Court DENIES Defendant's request. The Clerk of Court is directed to terminate the pending motion at docket entry 18.

Dated: October 20, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE