**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NOVELLIA, INC.,<br>Plaintiff,<br>-against-<br>LAWRENCE MASSE,<br>Defendant. | Case No.: 26-CV-08207-KPF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

KATHERINE POLK FAILLA. U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic personal and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action by the Parties or any non-party to this case) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order

may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits;

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) non-public business, financial, or commercial information, including revenue information, pricing information, sales data, forecasts, pipeline information, customer or prospective-customer information, opportunity records, and CRM data;

(b) non-public business strategies, marketing strategies, sales strategies, product-development information, market-access information, or competitive analyses;

(c) confidential research, study, or project information belonging to a party or to a third party, including information concerned proposed or ongoing studies, customer projects, or related business opportunities;

(d) personnel, employment, or compensation information concerning any current or former employee, officer, or contractor, including performance information, disciplinary information, and compensation terms;

(e) personal identifying information or information of a personal, private, or intimate nature regarding any individual, including contact information and similar personal data;

(f) medical or mental health information;

(g) information received from or concerning third parties that is subject to confidentiality obligations; and

(h) any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; production, or disclosure; (b) a waiver of any privilege or protection; (c) an admission by any Party or non-party that any particular document

or information is, or is not, confidential; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto. However, in the event that such a witness declines to sign the Non-Disclosure Agreement, the parties shall meet and confer in good faith to agree on a secure process for sharing such Confidential Discovery Material;

(g) any person a Party consults or retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that they have read this Order and agree to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it securely until this action is finally resolved, and confirm in writing to opposing counsel that such document was signed either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Discovery Material, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Discovery Material shall file the document, pleading, brief, or memorandum on the Court's ECF system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Producing Party fails to move to seal within seven (7) days of the Redacted Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All

persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11. Any Party may object to any redaction or designation of confidentiality at any time before the trial of this action and may serve upon counsel for the Production Party a written notice stating with particularity the grounds of the objection. The Parties shall attempt to resolve any such dispute promptly and in good faith. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Individual Practices of the District Court Judge or Magistrate Judge, as applicable. The burden of proving that a designation of confidentiality is proper rests with the Producing Party.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Individual Practices of the District Court Judge or Magistrate Judge, as applicable. The burden of proving that additional limits on disclosure are warranted rests with the Party requesting such limits.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return or destroy such material, including all copies thereof. In either event, upon request by the Producing Party, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing of any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Order shall prohibit or interfere with

the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

17. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized access or disclosure.

18. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

19. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

20. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

21. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

This Stipulation does not bind the Court or any of its personnel. The Court can modify this Stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

SO STIPULATED AND AGREED ON THIS 3rd DAY OF NOVEMBER, 2026.

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP

*/s/ Jesse T. Conan*

Jesse. T. Conan
299 Park Avenue
New York, New York 10171
212.888.3033
JConan@beckerglynn.com

*Attorneys for Defendant*

LITTLER MENDELSON, P.C.

*/s/ Miguel A. Lopez*

Miguel A. Lopez
900 Third Avenue
New York, New York 10022
212.471.4482
MALopez@littler.com

*Attorneys for Plaintiff*

Dated: November 4, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NOVELLIA, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>LAWRENCE MASSE,<br><br>Defendant. | Case No.: 26-CV-08207-KPF<br><br>**AGREEMENT WITH RESPECT TO NON-DISCLOSURE OF CONFIDENTIAL MATERIAL** |

I, ______________________, state that:

1. My address is ________________________________________________.

2. My present occupation or job title is ________________________________.

3. I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Protective Order") entered in the above-entitled action on ______________________________.

4. I have carefully read and understand the provisions of the Protective Order.

5. I agree that I will comply with all provisions of the Protective Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

7. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

Dated: _______________ ________________________